IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-03319-SKC

POUYA ILKHANY,

Petitioner,

v.

GEORGE VALDEZ, *et al.*,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner Pouya Ilkhany's Petition for Writ of Habeas Corpus (Dkt. 1). Petitioner, a native and citizen of Iran, was detained by Immigration and Customs Enforcement ("ICE") on June 24, 2025. Dkt. 1, ¶¶28-29. The immigration judge ("IJ") held a bond hearing on July 23, 2025, finding that Petitioner was neither a flight risk nor a danger to the community. *Id.* ¶3, p. 31. The IJ ordered Petitioner released on a $15,000.00 bond, without imposing any additional restrictions. *Id.* ¶¶3, 31-32, p. 31. When Petitioner posted bond, ICE "unlawfully and unilaterally subjected him to a new form of custody that constitutes a continuing restraint on his liberty—an ankle monitor with 24/7 GPS tracking and onerous reporting conditions under their Intensive Supervision Appearance Program

('ISAP')." *Id.* ¶4, p. 34. He has been wearing the ankle monitor since July 28, 2025. *Id.* ¶35.

In the instant petition, Mr. Ilkhany alleges that he is still in "custody" due to the ankle monitor. *See id.* ¶17. Among other relief, he asks the Court to declare that he is in custody for purposes of 28 U.S.C. § 2241, and to order the Respondents to release him "immediately from the supervision of ISAP/BI Incorporated and remove the ankle monitor and other supervision requirements." *Id.* at p. 20. He also requests that the Respondents be enjoined from imposing such conditions absent a written individualized determination that GPS monitoring is necessary. *Id.*

Respondents filed a Response to the Petition (Dkt. 7), stating that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Dkt. 7 at p. 1-2. They recognized that, if the Court grants the Petition, the appropriate relief would be to direct the Respondents to remove the ankle monitor. *Id.* at p.2.

The Court has carefully considered the Petition, Response, and the governing law. For the reasons shared below, Petitioner's Application for Writ of Habeas Corpus is GRANTED.

## ANALYSIS

Petitioner brings four claims for relief: (1) violation of substantive due process under the Fifth Amendment; (2) violation of procedural due process under the Fifth Amendment; (3) violation of the doctrine established in *United States ex rel. Accardi*

*v. Shaughnessy*, 347 U.S. 260, 268 (1954); and (4) ultra vires agency action. Each of Petitioner's claims arise from the same argument: ICE improperly imposed additional conditions not imposed by the IJ after the bond hearing.

Courts in this District have held that GPS monitors and check ins not ordered by an IJ and unilaterally imposed by ICE constitutes continued custody. *See e.g.*, *Gonzalez v. Baltasar*, No. 26-cv-00228-RMR, 2026 U.S. Dist. LEXIS 167631, at **4-5 (D. Colo. July 28, 2026); *Cortes v. Guadian*, No. 26-cv-00294-CNS, 2026 WL 265688, at *2 (D. Colo. Feb 2, 2026) ("Imposing after-the-fact release conditions, such as GPS wearables and check-ins, that the immigration judge did not herself impose, constitutes custody for habeas purposes.") (internal citation omitted). This Court is similarly persuaded and finds that due to the additional restrictions imposed by ICE, Mr. Ilkhany remains in ICE custody, and this Court maintains jurisdiction to hear his challenge to continued custody. *See Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. 2026).

Next, the Court considers whether ICE may impose additional restrictions not expressly authorized by an IJ following a bond hearing. Judge Gallagher considered a similar case. *See generally id.* In *Batz Barreno*, an IJ granted the petitioner bond with no additional conditions. *Id.* at 1257. The petitioner posted bond and was released from custody. *Id.* ICE then imposed additional conditions on petitioner, including an ankle monitor and various reporting requirements. *Id.* Judge Gallagher explained that the petitioner was still in custody for purposes of habeas corpus and

due process, and, for the continued detention to be lawful, the respondents needed to show that the continued custody did not violate the petitioner's due process rights. *Id.* at 1258. Judge Gallagher also reasoned that ICE may not impose conditions not articulated by the IJ. *See id.* at n.3 ("The IJ did not impose a GPS condition and ICE cannot, by itself, add that unimposed condition. Fundamental fairness and compliance with the rule of law mandate this result and comport with a general societal understanding of fairness and fairplay.").

Here, the facts are analogous. Mr. Ilkhany was released on bond with no additional conditions imposed by the IJ. Dkt. 1, p.31. Post-bond-hearing, ICE imposed additional conditions on Mr. Ilkhany, including an ankle monitor and additional reporting requirements. *Id.* ¶33. Respondents do not put forth any argument that Mr. Ilkhany's continued ICE custody complies with his due process rights. *See generally* Dkt. 7. Therefore, this Court adopts the above-outlined principles and analysis from *Batz Barreno* and holds that ICE may not add conditions onto Mr. Ilkhany not imposed by the IJ.

* * *

For the reasons shared above, Mr. Ilkhany's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED** and the Court **ORDERS** as follows:

1. Respondents **SHALL NOT** subject Petitioner to conditions of release that are inconsistent with the exact terms set by the IJ, including the imposition of any and all GPS monitoring technology or reporting requirements;

2. Any such monitoring technology **SHALL BE REMOVED** from Petitioner **IMMEDIATELY**;

3. Any future conditions of release may be imposed **ONLY** if deemed necessary at a later custody hearing, where the Respondents **SHALL** bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence; and

4. Respondents **SHALL FILE** a Status Report certifying compliance with this Order within 48 hours.

DATED: October 13, 2026

BY THE COURT:

S. Kato Crews
United States District Judge